There must be an union of the land and the rent in the same person, to work an extinguishment of the rent. A vested right to enter and hold the land until payment of the rent, is not sufficient.

| 2 B | 138 |
|-----|-----|
| 206 | 196 |

| 2b | 138 |
|-------|-----|
| 39SC | 644 |

WILLIAM PHILLIPS administrator of JOHN PHILLIPS *against* BONSALL who survived CLARKSON.

THIS cause came before the court upon a case, which stated in substance as follows:

*Joseph Morris* and wife on the third of *August* 1774 conveyed a lot of ground in the county of *Philadelphia* to *Matthew Clarkson* and *Edward Bonsall* in fee *as tenants in common and not as joint tenants,* reserving a rent charge of forty dollars per annum which the grantees covenanted to pay in the following terms: " and the said *Matthew Clarkson* and *Edward Bonsall* " for themselves, their heirs, executors, administrators and as- " signs, do covenant, promise and grant to and with the said " *Joseph Morris* his heirs and assigns by these presents, that " they the said *Matthew Clarkson* and *Edward Bonsall* their " heirs and assigns, shall and will well and truly pay or cause " to be paid unto the said *Joseph Morris* his heirs or as- " signs the aforesaid yearly rent of forty *Spanish* milled " pieces of eight &c. on the first day of *June* yearly forever, " according to the true intent and meaning of these presents." This rent charge was conveyed on the 21st *October* 1776, by *Morris* and wife to *Thomas White,* who died seized thereof on the 29th *September* 1779; and under his will, and certain assurances from his devisees, it vested in *William White* and *Mary Morris,* who by indenture on the 18th of *December* 1795 assigned it, with all rights of entry &c. to *John Phillips* in fee.

*Matthew Clarkson* and wife and *Edward Bonsall* and wife by indenture dated 20th *September* 1775, granted the same lot to a certain *Morgan Bustead* in fee, subject to the aforesaid rent charge of forty dollars, and reserving a new rent of forty dollars per annum payable to themselves in fee, together with a right to enter and distrain for the same, and for want of sufficient distress to hold " repossess and enjoy the pre- " mises until the rent and arrearages and all charges should " be fully paid and satisfied;" and on the 26th *June* 1779, a right of entry having accrued for rent in arrear, *Clarkson* and *Bonsall* assigned the new rent charge, together with all arrearages due thereon, and their right of entry &c. to the aforesaid *William White* in fee. *William White* remained seized of the new rent charge until the 8th of *December* 1795, when he conveyed the same and all arrearages to the aforesaid *John Phillips* in fee.

No improvements were erected upon the said lot at the time of the grant by *Morris* in the year 1774, nor were any subsequently erected; but the lot and the possession thereof remained vacant from the 25th day of *June* 1779, no entry having ever been made to hold for satisfaction of the rent.

*Clarkson* died before the commencement of this suit, having left a will and therein appointed executors.

The present action of covenant was brought to recover damages for non-payment of the original or first rent charge; and the questions for the court were, whether the rent charge created the 3d of *August* 1774, had been extinguished in consequence of any of the facts in the case, and whether the plaintiff could recover his whole rent or any part from *Bonsall, Clarkson* having left executors who might have been joined.

*Burd* for defendant. A right of reentry accrued to *Bonsall* and *Clarkson* in *June* 1779, when they conveyed the new rent to *William White;* and this right vested in him at the same time that he was seized of a part of the old rent. From this fact results an extinguishment of the old rent; for where an actual vested right of entry into land is granted to and accepted by the person who is seized of a rent charge out of the same land, the rent is extinguished. The union in one person of a rent charge and of any parcel of the land from

which it issues, extinguishes the whole rent; *Co. Litt.* 147. *b.*; and so it is if a man has a rent charge out of twenty acres, and releases all his right in one acre. 5 *Bac. Abr.* 694. The right of entry in this case was equivalent to the land. It was an estate in the land, sufficient to support a contingent remainder. 2 *Woodeson* 199. 1 *Fearne* 431. It was a right to hold and receive the profits, which cannot subsist without an estate; *Smith* v. *Parkhurst* (a); and as a grant of the profits passes the land, *Co. Litt.* 4. *a.* it was in effect a grant of the land.

But if not extinguished, the recovery cannot be for the whole. *Bonsall* held the land as tenant in common with *Clarkson;* and in such a case, the services issuing from the land are divisible. 2 *Bl. Com.* 193. Covenants in relation to a particular interest, are joint or several according to that interest; and if the covenant be joint, yet if the interest be several, the covenant shall be taken to be several. *Bull. N. P.* 157. So was the resolution in *Slingsby's case* (b). It follows therefore that as the tenancy was in common, and the rent divisible, the covenant in relation to the rent was several, and but a moiety at most can be recovered in this action.

*Condy* on the same side made two points. 1. That the covenant was several. 2. That the remedy was extinguished, not merely because the rent was gone, but because the plaintiff, having become the assignee of *Bonsall*, was liable to pay all that *Bonsall* was liable to pay.

Upon the *first* point, he argued that the whole was a question of construction, to get the intention of the parties. Had the covenant been joint in terms, it might perhaps have been a different case; such was *Enys* v. *Donithorne* (c). But here there were no express words, and there was therefore nothing to give a character to the covenant but the estate. If the estate be several, so is the covenant. Upon a warranty to joint tenants, both must sue; but if it be to tenants in common, either may sue. The estate, the rent, the warranty of the estate, and the covenant to pay the rent, are all correlative; and if the first is not joint, neither the services nor covenants are joint.

(a) 3 *Atk.* 140.          (b) 5 *Co.* 19.          (c) 2 *Bur.* 1190.

*Second* point. Covenants are express and implied. If I transfer a lease to *A.*, he impliedly engages to pay the rent. He must take the good and the bad together; and if I am compelled to pay, I have an action against him for money paid to his use. Every assignee puts himself in the place of the assignor, and must do his duty if he receives his benefits. *William White* was the assignee of a moiety of the old, as well as of all the new rent. He had a right of entry to compel *Bustead* to pay the old rent, and *Bonsall* and *Clarkson* having parted with all their rights and remedies of every kind, *White* bound himself to pay all that *Bonsall* was obliged to pay. If therefore we pay *Morris* or his representative, our assignee must pay us, which is mere circuity of action. Suppose *Morris* had never sold the old rent, *White* would have been liable as assignee of the new, and that without taking possession of the land; for although the mortgagee of a term is not bound for rent until he takes possession, it is otherwise with the absolute assignee. By the plaintiff's construction we are liable for the first rent forever, and yet he may debar us from ever recovering it of *Bustead.*

*Tod* for the plaintiff. There are but two questions in this case. 1. Whether the old rent is extinguished. 2. If not, whether *Bonsall* is liable for the whole.

1. The land itself, and the right to the old rent, never vested for one moment in the same person; and this is essential to the extinguishment of the rent. They must unite absolutely; 3 *Bac. Abr.* 102; a temporary or conditional union will not answer, for that works merely a *suspension; Peto* v. *Pemberton* (*a*), *Bro. Extinguishment* 17. *Gilb. rents* 149, 50, 55, 78, 79; and here there was no power in the owner of the rent to unite them absolutely, because the right of entry was nothing but a right to hold until payment of the rent, and not to restore the grantee to his former estate. The land, since the conveyance of *Morris*, has never been vested in any one but *Bonsall* and *Clarkson*, and in *Morgan Bustead* and his representatives. To grant the opposite argument, is to agree that what was reserved for the protection of the grantee is his overthrow. The right to enter was one mode of collecting the rent, the covenant was another, and the argument

1809.

PHILLIPS
*v.*
BONSALL.

(*a*) *Cro. Car.* 101.

in effect is, that the remedy by covenant is gone by *reserving* the entry; for it is not pretended that it was used, and the case shews it could not be used. The position that *William White* became liable to pay the old rent as *Bonsall's* assignee, is founded in a mistake. He never was their assignee of the old rent, for they never owned it; and when he became their assignee of the new rent, he had no interest in the old; it belonged to *Thomas White.* Two distinct rents may well issue out of the same land; and it is a novel doctrine that the assignee of the last rent becomes liable to pay the first, if his assignor was so before him. The term, that is, the interest in the land, must be assigned, to produce a liability to rent.

2. The covenant is a joint covenant, as much as if it had been so called in the deed. It is a covenant by two to do a particular thing, which upon the death of one survives. The doctrine from *Buller's Nisi Prius*, and *Slingsby's case*, is not to be questioned; but it does not apply. Where a several interest is conveyed, and a covenant made to the grantees jointly and severally, it shall be construed several, for otherwise there might be no remedy; and so *vice versa.* The doctrine therefore applies to covenants made to grantees, in respect of their interest, and not to covenants made by grantees; for one man may well be bound for another. The case of *Enys* v. *Donithorne* (a) turned upon this ground. The covenant was joint and several; but the several part was disregarded, which made it the same as the present covenant, and the executor of the deceased co-lessee was made to perform the whole covenant, although his co-lessor took the *whole* land.

TILGHMAN C. J. delivered the Court's opinion.

We are to decide this cause on a case stated, on which several points have been raised.

1. Has the rent charge of 40 dollars created by the deed from *Joseph Morris* to *Clarkson* and *Bonsall*, 3d *August* 1774, been extinguished?

The principle of law is, that when the right to the land, and the right to the rent, are united in the same person, the rent is extinct. The defendant's counsel have endeavoured to shew, that this union has taken place in the present in-

(a) 2 *Burr.* 1190.

stance, because *John Phillips* in whom the title to both the ground rents was vested, derived under the deed from *Clarkson* and *Bonsall* to *William White*, a right to enter on the land, in consequence of the non-payment of the second rent-charge. But this argument is fallacious. When *Bonsall* and *Clarkson* executed that deed, they had no right to the land, and their right of entry was only for the purpose of compelling payment of the rent; and their estate, if they had entered, would have ceased on payment of the rent. Besides, this right of entry has never been exercised by any person claiming under that deed; and to say that it ought to have been exercised, is saying, that when a man has reserved to himself two remedies for recovery of the rent, viz. entry on the land, and an action of covenant, he shall be compelled to relinquish one of them, and take the other, which in the present instance, instead of being a remedy, would be an injury. The fact is, that *John Phillips*, although entitled to both the *rents*, never had any right to the *land*, nor had *William White*, under whom *Phillips* claims the second rent-charge. The rent therefore is not extinct, and so it was decided by this court, in *Phillips* v. *Clarkson* and *Bonsall*, *December* term 1800, which was, as far as relates to this point, in all material circumstances the same as the case before us.

2. The defendant's counsel have contended, that supposing the rent to be in existence, *Bonsall* is not liable for more than a moiety of it, because the grant to him and *Clarkson*, was, as tenants in common. But although the land was conveyed to them as tenants in common, they covenanted *jointly* to pay the rent, and there is nothing illegal or improper in such joint covenant. The case cited from 2 *Burr.* 1190, was much stronger, where the executor of the grantee who died first, was held liable for the *whole rent*, although the *whole interest* in the *land* was vested in the other grantee who survived him, because they covenanted *jointly* and severally to pay the rent.

This is not at all contradicted by *Slingsby's* case, (5 *Co.* 19.) on which the defendant's counsel have relied. It is there laid down, that if a man by indenture demises *Black Acre* to *A.* and *White Acre* to *B.* and *Green Acre* to *C.* and covenants with them *et quolibet eorum*, that he is lawful

1809.

PHILLIPS
*v.*
BONSALL.

owner of all the said acres, in that case, in respect of their *several* interests, the covenant is made several. This construction is right, and accords with the intent of the parties, giving to every person the remedy which is necessary for any injury he may sustain; and it is agreeable to the expressions " *et quolibet eorum,*" which apply to each *severally.* But to construe the words of *Bonsall* and *Clarkson* as a several covenant, would alter their plain meaning, and deprive the grantee of part of his security, while they were both alive.

A third point was made by the defendant's counsel, that *Phillips* cannot support an action against *Bonsall,* because he is the assignee of *William White,* who was the assignee of *Bonsall* and *Clarkson.* Some confusion is created in this case by the circumstances of two rent-charges arising out of the same land. But when the facts are distinctly stated, it will appear that this last point cannot be supported. The present action was brought to recover damages for non-payment of the *first* rent-charge. Now it is not true that *William White* was assignee of *Bonsall* and *Clarkson,* of this rent-charge, or of any thing relating to it. Nor is there any thing in the deed to *William White,* which directly or indirectly provides or insinuates, that *Bonsall* and *Clarkson* shall be discharged from their covenant to pay the first rent-charge. Indeed it would have been absurd to make such provision; for at that time *William White* had no title to the first rent-charge, or any part of it.

It is therefore the opinion of the court that the plaintiff is entitled to recover damages for the non-payment of the whole rent-charge created by the deed of *Joseph Morris* and wife to *Clarkson* and *Bonsall.*

Judgment for plaintiff.