# Hall and M'Kelvey *against* Law.

Where the writ is served but upon one of two defendants, and there is a general appearance by attorney, and trial of the cause upon its merits, the verdict and judgment will be sustained, although the issue be by one only.

ERROR to the District Court of *Allegheny* county.

S. and A. Law against William Hall and Samuel M'Kelvey, trading in the name of Hall and M'Kelvey. Action on the case in assumpsit. The writ was returned served on M'Kelvey, and *non est inventus* as to Hall. *Findlay* appeared specially for M'Kelvey and pleaded *non assumpsit*. *Van Amringe's* appearance was · marked generally on the margin of the docket. The cause was tried upon its merits, and a verdict and judgment rendered for the plaintiff for $684.05. The docket entry also showed that *Findlay* and *Van Amringe* had leave to withdraw their appearance, but whether before or after trial did not appear.

The errors assigned were:

1. The cause was tried when it was not at issue.

2. The judgment is against both defendants, the issue by one only.

3. No assessment of damages against the party who did not plead.

*Dunlop*, for plaintiff in error, argued that a judgment should have been taken by default as to Hall, if there was an appearance for him, and the damages should have been liquidated by an inquisition. 9 *Watts* 25; 10 *Watts* 396; 1 *Bos. & Pull.* 411; 2 *Arch. Pl.* 9.

*Robb*, *contra*, whom the Court declined to hear.

The opinion of the Court was delivered by

ROGERS, J.—Although the writ is returned *non est inventus* as to Hall, yet there is a general appearance as to both defendants. There is, therefore, nothing in the case to distinguish it from *Sauerman* v. *Weckerly*, (17 *Serg. & Rawle* 116), where we refused to reverse a judgment after trial on the merits, because there was no plea nor issue. It is said that the attorneys had leave to withdraw their appearance. But it does not appear when leave was granted, whether before or after the judgment; and if we must judge from the record, we must suppose the latter. We can at any

[Hall and M'Kelvey v. Law.]

rate make no intendment, after a trial, to reverse a judgment. But if we were permitted to go out of the record, it would not mend the defendant's case, as it appears that at the time the attorneys, whose names are marked on the record, were discharged, another was substituted, and was present at the trial. And this shows the injustice which may result from reversing a judgment on technical objections, when we are precluded from an examination into the facts. We have frequent occasion to lament the inaccuracies in our entries, resulting from the inattention and ignorance of our clerks and prothonotary, and the no less culpable negligence of the attorneys. A slight attention on the part of the profession, for we cannot impute the frequent mistakes to ignorance, would relieve us from many perplexing and embarrassing inquiries.

Judgment affirmed.