First National Bank of Marathon, New York, Plaintiff, *v.* Wayne M. Knickerbocker and Another, as Executors of Milton J. Knickerbocker, Deceased, Defendants.

Supreme Court, Cortland County, February 10, 1926.

Bills and notes — liability of representative of comaker — executors of one comaker not entitled to join representative of other comaker where liability under note is joint.

Defendants, executors of a comaker on a promissory note herein, are not entitled to have the representative of the estate of the other comaker, which is insolvent, brought in as a codefendant in an action on a promissory note reading " We promise to pay to the order of First National Bank of Marathon, N. Y., Five Thousand Dollars * * *," and signed by both decedents as comakers, for the reason that the note, which makes the liability therein joint, renders the surviving maker solely liable upon the death of the comaker, and for the further reason that it would change the form of the action from an action at law to an action essentially equitable.

Action upon a promissory note.

*Lusk, Buck & Ames,* for the plaintiff.

*John A. Smith,* for the defendants.

Rhodes, J. This action is upon a promissory note made to the plaintiff by M. J. Knickerbocker and D. Earl Barton. Both of the makers are dead, the said Barton having predeceased the said Knickerbocker. No representative of Barton's estate has been appointed and it is alleged in the complaint and undisputed by the facts adduced upon this motion, that Barton's estate is insolvent. Plaintiff having brought this action against the executors of said

**468**   First Nat. Bank of Marathon, N. Y., *v.* Knickerbocker.

Supreme Court, February, 1926.                    [Vol. 126

Knickerbocker, motion is now made in behalf of said defendant for an order joining as codefendant the representative of the estate of said Barton, upon the ground, as stated in the moving affidavit in behalf of defendant herein, that on the face of the complaint it appears that the representative of the estate of D. Earl Barton, deceased, should be joined as defendant in this action.

The note, as far as material here, is as follows:

" We promise to pay to the order of First National Bank of Marathon, N. Y., Five Thousand Dollars   *   *   *
　　　　　　" (signed)　　M. J. KNICKERBOCKER,
　　　　　　　　　　　" D. EARL BARTON."

At common law a note in this form was regarded as joint only. (See *Yorks* v. *Peck*, 14 Barb. 644.) So far as I am aware the Negotiable Instruments Law has not changed the common law in this respect. While the presumption is that a note in this form is joint only, such presumption may be rebutted by appropriate allegations and proof, but the plaintiff has not attempted and does not seek to overcome this presumption, nor has the defendant done so. Upon the death of Barton, one of the makers, Knickerbocker, the surviving maker, remained the only one liable upon the note and this result followed by virtue of their agreement. In other words, that was the intent of the parties implied from the form and language of their contract. In certain cases of joint liability where the surviving maker is insolvent, equity permits recourse to be had against the estate of the deceased maker, not because the form of the contract creates any such liability against the deceased, but because apparently equity requires that as between the holder of the note and the deceased maker, the loss should fall upon such maker who was a party to inducing the money to be advanced, instead of causing the loss to fall upon the innocent holder of the promise to pay. In other words, it is regarded as equitable that the estate of the deceased maker should pay rather than that the innocent holder should lose. (See *Yorks* v. *Peck, supra.*) Here the plaintiff brings this action at law relying upon its legal rights arising out of the form, · terms and meaning of the contract. Plaintiff does not seek by equitable principles to reach the other deceased maker's estate. To require the plaintiff to bring in the representative of the estate of Barton as a defendant, would change the form of the action from an action at law to an action essentially equitable. This the plaintiff should not be compelled to do. Furthermore, no representative of Barton's estate has been appointed and the burden should not be cast upon the plaintiff of procuring such appointment, nor should the plaintiff

be required to await the application for such appointment by other parties. The bringing in of the representative of Barton's estate would be an empty form because of the insolvency of his estate. When Barton died, the liability of the surviving maker became fixed as a result of the agreement between the parties evidenced by the terms of the note. In law that liability continues unchanged and it is only by doing violence to the legal status of the parties, through the intervention of equity, that recourse can be had to the estate of Barton.

The motion is, therefore, denied, with ten dollars costs.