## Bell, Secretary of Banking, v. Gaidula

*E. F. Howell*, for plaintiff.

*Ernest J. Gazda*, for defendant.

EAGEN, J., July 1, 1942.—This is an action in assumpsit on a promissory note. An affidavit of defense raising questions of law contends that the instrument sued on was a joint obligation and plaintiff's action against this defendant must fail because the other joint obligor is not joined as a party defendant. While we are reluctant to enter judgment in favor of defendant on a technicality, we see no other course open to us. This suit is based on a note dated April 1, 1922, and signed by Peter Gaidula and R. E. Siebecker as makers, wherein we find the words, "FOR VALUE RECEIVED WE PROMISE TO PAY." For some unknown reason suit was instituted against Gaidula only, and the other maker of the note, Siebecker, was not joined.

In Mintz v. Tri-County Natural Gas Co., 259 Pa. 477, the court said (p. 481) :

"At common law, there are three distinct forms of obligations ex contractu, i. e., (1) joint, (2) several, and (3) joint and several. In an action on the first, it was necessary to sue all the obligors together, or the survivors of them; on the second, the obligors had to be sued separately; but, on the third, the plaintiff could elect either to sue separately or jointly: 9 Cyc. 651 et seq.; 30 Cyc. 121. Except where changed by statute, these principles are still applicable: 9 Cyc. 654, and n. 35."

This is still the law in Pennsylvania and in an action on a joint obligation the joinder of all parties is necessary. See Baldwin v. Ely, 127 Pa. Superior Ct. 110, wherein at page 113 the court said:

"It is thus evident that it was the clear purpose of the Legislature not to change the existing and well-recognized procedure relating to joint obligations, which, as above stated, is that a plaintiff is bound to *sue* all parties in a joint contract."

Whenever an obligation is undertaken by two or more persons, the presumption is that it is a joint obli-

gation and words of severance are necessary to overcome this primary presumption. See The City of Philadelphia v. Reeves et al., 48 Pa. 472, Pittsley v. King, 206 Pa. 193, and Yadusky et al. v. Shugars et al.; 301 Pa. 99.

While the question of whether the obligation is joint or several depends upon the intention of the parties, the intention must be evidenced and gathered only from the language employed in the instrument.

". . . the language of severalty or joinder is the test. The covenant is always joint, unless declared to be otherwise . . .": City of Philadelphia v. Reeves, supra.

In our opinion there is nothing in the instrument in the case at bar to indicate the creation of anything but a joint obligation. In First National Bank of Marathon v. Knickerbocker et al., 126 Misc. Rep. 467, 214 N. Y. Supp. 465, the court held that there is a presumption that a note reciting "WE PROMISE TO PAY" signed by two makers is joint only. To the same conclusion see Exchange Bank of Savannah v. Harper, 35 Ga. App. 786, 134 S. E. 789.

Now, therefore, July 1, 1942, the questions of law raised by the affidavit of defense are decided in favor of defendant and judgment is hereby ordered to be entered in favor of defendant.