490 Pa. 430 (1980)
416 A.2d 1011
Anna M. VANDEGRIFT, a/k/a Anna M. Vandergrift, Appellant,
v.
KNIGHTS ROAD INDUSTRIAL PARK, INC. and J. Camerlengo Contractors, Inc. a/k/a J. Camerlengo and J. Camerlengo Builders Supply Corp.
Supreme Court of Pennsylvania.
Argued April 21, 1980.
Decided July 15, 1980.
*431 *432 Julius E. Fioravanti, Philadelphia, for appellant.
Peter A. Glascott, Doylestown, for appellee.
Before EAGEN, C.J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY, and KAUFFMAN, JJ.

OPINION OF THE COURT
O'BRIEN, Justice.
This is an appeal from an order entered in the Court of Common Pleas of Bucks County, Civil Action, Law, granting appellee's motion to take off judgment. The question presented asks whether one of multiple defendants in a trespass action, not served with process, remains subject to valid service of process after the plaintiff's action has been non prossed for failure to proceed. The unusual procedural history of the case is as follows.
On March 5, 1976, three days prior to the expiration of the applicable statute of limitations, Anna M. Vandegrift, a/k/a Anna M. Vandergrift, appellant herein, commenced an action in trespass in the Court of Common Pleas of Bucks County. Named as defendants were appellees, Knights Road Industrial Park, Inc., J. Camerlengo Contractors, Inc., and J. Camerlengo Builders Supply Corporation. The action was commenced by a writ of summons in trespass, and although two defendants were served with process, the sheriff returned "not found" as to defendant Industrial Park.
On March 29, 1976, counsel entered his appearance "for defendants," and it was so entered on the docket. On June 3, 1976, counsel for defendants filed a praecipe for rule on *433 plaintiff to file a complaint. After much dilatory action on the part of plaintiff, counsel for defendants, on November 18, 1976, obtained a judgment of non pros for failure to proceed. To that date defendant Industrial Park had not been personally served with process in this action.
On November 23, 1976, appellant filed complaint against Industrial Park and its co-defendants at the same number and term, and on November 30, 1976, obtained personal service of the complaint on all three defendants through the Bucks County sheriff's office. Counsel for defendants filed preliminary objections to the complaint, pleading prior judgment of non pros; plaintiff simultaneously filed a petition to open judgment of non pros.
On January 7, 1977, the trial court sustained the preliminary objections and dismissed appellant's complaint. No disposition of the petition to open judgment has as yet been made.
On April 5, 1977, appellant obtained a judgment for default of appearance or answer against Industrial Park only, presumably on the basis that it had not been served prior to the original judgment of non pros and was therefore not affected by such judgment. On April 21, 1977, Industrial Park, by the same counsel who had appeared "for defendants" in the prior proceedings, moved to take off the judgment by default which motion was granted by the trial court on May 23, 1977. The Superior Court affirmed on March 3, 1978, per curiam and without opinion. We granted allowance of appeal.
The question presented herein may be variously phrased. Appellant has chosen, correctly in our view, to reduce the issue to its basic form, and poses its statement of question involved in terms as if a hypothetical:
"Where three parties A, B and C are sued, and only A and B are served, and therefore, only A and B are within the jurisdiction of the lower court, where counsel entered his `appearance for defendants' without further explanation such as a Warrant of Attorney, and/or acceptance of *434 appearance on behalf of C, does said entry of appearance constitute an appearance for C, thus bringing C within the jurisdiction of the Court so as to avoid a default judgment?"
Or put another way, of what effect is the entry of a general appearance, without restriction, upon one of multiple defendants, that one not having been served with process?
This is not a new question; indeed the cases deciding the point are of great age. Those cases are, however, utterly unambiguous, and the question has never troubled this Court.
"We have no doubt in this case. The attorney having marked his name generally, and in no part of the record having declared that he appeared for one in particular, must be presumed to have appeared for both; and the plea entered . . . must . . . be considered as a plea for both. As to the defendant's being summoned, it is not material, he may appear without summons." Scott v. Israel, 2 Binn. 144, 145 (1809).
In accordance with the Scott court's certain resolution of the instant question is a brief but emphatic line of cases of great antiquity: Hatch v. Stitt, 66 Pa. 264 (1870); Hall v. Law, 2 Watts & S. 121 (1841); McCullough v. Guetner, 1 Binn. 214 (1807).
The latter principle adumbrated in Scott, supra, we somewhat more recently reaffirmed in Peterson v. Philadelphia Suburban Transit Company, 435 Pa. 232, 255 A.2d 577 (1969): "It is true, of course, that one can waive service of process by various means, and become a party to a suit by voluntary appearance." Peterson, id., 435 Pa. at 242, 255 A.2d at 583.
The concept that a general appearance entered by an attorney is valid as to all defendants, even those not served, survives in the opinions of the commentators in the form of *435 a presumption. "When an attorney enters an appearance, his authority is presumed." Goodrich-Amram 2nd § 1012:1.[1]
Of similar import is 1 Standard Pennsylvania Practice 545, wherein it is stated that:
"An appearance by an attorney at law is presumed to be authorized, and such presumption is strengthened by acquiescence."
More to the point instantly, however, is a further comment at 1 Standard Pennsylvania Practice 553: "If an attorney enters his appearance without restriction opposite the names of two defendants on the docket, this is a good appearance for both, even though one of them was not served with process."
The plaintiff in such a case, however, is not without remedy. He may rebut the presumption of authority, may require counsel to show warrant of attorney, and may, with leave of court, have such a general appearance restricted to one or some of the defendants.[2]Jones v. Orum, 5 Rawle 249 (1835); Erdman v. Stahlnecker, 12 Serg. & R. 325 (1825); Lentz v. Stroh, 6 Serg. & R. 34 (1820); Goodrich-Amram 2nd § 1012:1; 1 Standard Pennsylvania Practice 553.
In the instant case appellant, when plaintiff below, made no such attempt at rebuttal. Insofar as plaintiff prosecuted its case at all, it did so as against all defendants, treating, until it filed its petition for default judgment, all defendants as if they were sui juris.
We decline the opportunity to, at this late date, rectify plaintiff-appellant's error.
Order affirmed.
*436 LARSEN, J., concurs in the result.
KAUFFMAN, J., files a dissenting opinion.
KAUFFMAN, Justice, dissenting.
The majority holds that the entry of a general appearance by counsel "for defendants" is presumed valid as to all defendants even if there are more than two. Obviously, there is no difficulty with the entry of a general appearance "for defendants" when only two are involved, as use of the plural would indicate that counsel intended to represent both defendants.[1] When there are more than two defendants, however, the extent of the attorney's representation is unclear. In such cases, counsel must enter an appearance specifically for his client or clients.
Here, where only two of three defendants were served and counsel subsequently entered his appearance "for defendants," such was not sufficient to constitute an appearance for the third, unserved defendant. Accordingly, I would reverse the decision below and order reinstatement of the default judgment against Knights Road Industrial Park, Inc.
NOTES
[1] Practical experience illustrates the wisdom of this presumption. No experienced trial attorney is likely to enter a general appearance "for defendants" in a case involving multiple defendants without authorization to do so. For in doing so he will have foregone his first avenue of relief, that is, to plead his client out of the case as against the remaining defendants.
[2] Plaintiff, after all, is in a unique opportunity to know which of its defendants have been served.
[1] Significantly, all of the cases cited by the majority to support its decision involve only two defendants.