Danelle MCCULLOUGH, Appellee,

v.

Maren CLARK and Sharon
Ann Thayer.

Appeal of Maren Clark.

Bernice McCullough, and Donald McCullough, Individually and as the Spouse of Bernice McCullough, Appellees,

v.

Maren Clark and Sharon Ann Thayer.

Appeal of Maren Clark.

Superior Court of Pennsylvania.

Argued April 4, 2001.

Filed Sept. 14, 2001.

Reargument Denied Nov. 21, 2001.

Frank J. Micale, Warrendale, for appellant.

Richard F. Start, Pittsburgh, for appellees.

Before: DEL SOLE, P.J., EAKIN and BROSKY, JJ.

EAKIN, J.:

¶ 1 Maren Clark appeals from the orders denying reconsideration of his preliminary objections.

¶ 2 After an automobile accident on July 29, 1994, Bernice and Donald McCullough, and their daughter, Danelle McCullough, initiated separate actions May 14, 1996, by filing praecipes for writ of summons. The writs were issued May 15, 1996, and served upon Sharon Thayer the next day; appellant Maren Clark was not served. The trial court summarized the remaining facts and procedure:

> Frank J. Micale, Esq. entered an appearance on behalf of both Clark and Thayer on September 24, 1996 and, in the interest of both clients, praeciped for a rule to file a complaint. Plaintiff filed a complaint on December 19, 1996, purporting to set forth claims of negligence. Mr. Micale responded by filing an answer and new matter on behalf of Thayer, but he did nothing in the interest of Clark.
>
> For more than three years, all activity in this case revolved around Thayer until April 7, 2000, when Mr. Micale filed preliminary objections on Clark's behalf. It was Clark's contention that, because he was not timely served with process, the court did not acquire personal jurisdiction over him. [Bernice and Donald McCullough reinstated their complaint on April 6, 2000 and served Clark on April 13, 2000.] [Danelle McCullough] reinstated [her] complaint on April 17, 2000 and served it upon Clark two days later. That was before the argument into Clark's preliminary objections. Clark then filed a supplemental brief asserting that the [McCulloughs] had violated the principles set forth in *Lamp v. Heyman*, 469 Pa. 465, 366 A.2d 882 (1976). After argument, we dismissed the objections, relying upon the decision

in *Vandegrift v. Knights Road Industrial Park, Inc.*, 490 Pa. 430, 416 A.2d 1011 (1980). Clark then filed the Motion[s] [for reconsideration].

Trial Court Opinion, 8/29/00, at 2–3.

¶ 3 The trial court subsequently denied the motions for reconsideration in its August 9 and 29, 2000 opinions, but found that a question of jurisdiction over Clark presented a substantial issue according to Pa.R.A.P. 311(b)(2). These timely appeals followed.

¶ 4 Clark raises two issues for our consideration, both of which question whether Clark received valid service from the McCulloughs. An appellate court's scope of review on such a question of law is plenary. *Capek v. Devito*, 564 Pa. 267, 767 A.2d 1047, 1048 n. 1 (2001). In making our decision, we need not consider the pleader's conclusions of law, unwarranted inferences from facts, opinions, or argumentative allegations. *Wiernik v. PHH U.S. Mortg. Corp.*, 736 A.2d 616, 619 (Pa.Super.1999). Preliminary objections may result in dismissal of the action only in cases that are clear and free from doubt. *Ambrose v. Cross Creek Condominiums*, 412 Pa.Super. 1, 602 A.2d 864, 869 (1992).

¶ 5 A party may expressly or impliedly consent to a court's personal jurisdiction. *Wagner v. Wagner*, 564 Pa. 448, 768 A.2d 1112, 1120 (2001) (citation omitted). In other words, a party may affirmatively acknowledge consent to jurisdiction or take such steps or seek relief that manifests submission to the court's jurisdiction. *Id.*

> If an attorney enters his appearance without restriction opposite the names of two defendants on the docket, this is a good appearance for both, even though one of them was not served with process.

*Vandegrift v. Knights Road Industrial Park, Inc.*, 490 Pa. 430, 416 A.2d 1011, 1013 (1980) (citation omitted). Accordingly, when Clark's attorney entered an appearance and filed a praecipe for rule to file a complaint on behalf of both Thayer and Clark, this constituted acceptance of service by Clark, which binds him to the court's personal jurisdiction. *See Kreider v. Brubaker*, 371 Pa. 279, 89 A.2d 502 (1952).

¶ 6 Counsel then received the complaint, against both defendants, on June 25, 1997. Rule 1026(a) allows 20 days after receipt of the complaint to file preliminary objections. Pa.R.C.P. 1026(a). As he received the complaint as counsel of record for Clark, in response to his praecipe on behalf of Clark, the time for preliminary objections began to run. However, Clark did not file preliminary objections until April 7, 2000.

¶ 7 Where the untimely filing of preliminary objections is not excused and would prejudice the opponent, those objections must be dismissed as waived. *Ambrose, supra*, at 868; *Washington v. Papa*, 253 Pa.Super. 293, 384 A.2d 1350, 1352 (1978); *O'Barto v. Glossers Stores, Inc.*, 228 Pa.Super. 201, 324 A.2d 474, 476 (1974). Had Clark filed his preliminary objections within the 20–day period, the McCulloughs would have had ample opportunity to remedy any defects in service. The delay of almost three years precludes proper service of the preliminary objections, to the prejudice of the McCulloughs. The McCulloughs need not establish prejudice in order to prevail; the burden is on the defendant to provide a basis for the untimely motion. *Francisco v. Ford Motor Co.*, 397 Pa.Super. 430, 580 A.2d 374, 378 (1990). Clark has not offered an adequate reason why he failed to file his preliminary objections within 20 days; therefore, his argument must fail.

¶ 8 Accordingly, we agree with the trial court; Clark has waived his objection to lack of personal jurisdiction and his preliminary objections were properly dismissed.

¶ 9 Orders affirmed.