J-S16001-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| K.A.W. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| G.B. | : | |
| | : | |
| Appellant | : | No. 3213 EDA 2019 |

Appeal from the Order Entered October 11, 2019
In the Court of Common Pleas of Northampton County Civil Division at
No(s):  No. C-48-PF-2019-00856

BEFORE:  DUBOW, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:                    **FILED MAY 20, 2020**

Appellant, G.B., appeals from the October 11, 2019 Order that granted the Petition for Protection From Abuse ("PFA") Order that Appellee, K.A.W, filed against Appellant pursuant to the PFA Act, 23 Pa.C.S. §§ 6101-17.  Upon careful review, we affirm.

On October 1, 2019, K.A.W. filed a PFA Petition, alleging that Appellant, her ex-boyfriend, sent her a series of threatening emails and text messages, including a threat to send a picture of her engaging in a sexual act to her employer.  PFA Petition, 10/1/19, at ¶7-8.

On October 11, 2019, the trial court held a hearing on the PFA Petition.  K.A.W. and Appellant both testified.  In sum, K.A.W. testified in detail about the emails and texts that Appellant sent to her.  K.A.W. informed the court that at some point she moved from New Jersey to an undisclosed location in Pennsylvania, and she continued to receive threatening correspondence from

Appellant after the move. Appellant admitted to sending various threatening emails and texts to K.A.W. At the conclusion of the hearing, the trial court granted the PFA Petition and ordered Appellant to have no contact with K.A.W. for three years.

Appellant filed a timely *pro se* Notice of Appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

1. Did the court have subject matter jurisdiction over this case?

2. Did the court have territorial jurisdiction to bind both parties together, on the dates the alleged events occurred?

3. Did the court have territorial jurisdiction over the events referenced in the Judge[']s final ruling?

4. Did the court have personal jurisdiction over [Appellant]?

Appellant's Br. at 2-3 (reordered for ease of disposition, some capitalization omitted).

In a PFA action, this Court reviews the trial court's legal conclusions for an error of law or an abuse of discretion. ***Custer v. Cochran***, 933 A.2d 1050, 1053-54 (Pa. Super. 2007) (*en banc*). A trial court does not abuse its discretion for a mere error of judgment; rather, an abuse of discretion is found "where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias, or ill will." ***Mescanti v. Mescanti***, 956 A.2d 1017, 1019 (Pa. Super. 2008) (citation omitted). Moreover, on appeal, this Court will defer "to the credibility determinations of the trial court as to witnesses who appeared

- 2 -

before it." ***Karch v. Karch***, 885 A.2d 535, 537 (Pa. Super. 2005). It is well-settled that "the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." ***Commonwealth v. Walsh***, 36 A.3d 613, 619 (Pa. Super. 2012) (citation omitted). Finally, we review the evidence of record in the light most favorable to, and grant all reasonable inferences to, the party that prevailed before the PFA court. ***Snyder v. Snyder***, 629 A.2d 977, 982 (Pa. Super. 1993).

Instantly, Appellant raises several jurisdictional challenges for our review. Accordingly, as an initial matter, it is important to draw distinctions between the different types of jurisdiction, as well as the difference between a court's jurisdiction and a court's power to act.

Our Supreme Court has explained that jurisdiction is an "often-misunderstood concept" and "[s]ome litigants, while believing they are raising a claim of subject matter jurisdiction, are actually posing a challenge to the tribunal's authority, or power, to act." ***Commonwealth v. Mockaitis***, 834 A.2d 488, 495 (Pa. 2003). Subject matter jurisdiction "relates solely to the competency of the particular court . . . to determine controversies of the general class to which the case then presented for its consideration belongs. Power, on the other hand, means the ability of a decision-making body to order or effect a certain result." ***Id.*** (citation omitted). Notably, "[a] court's lack of subject matter jurisdiction is a non-waivable issue which may be raised by the parties at any stage of the proceedings and can be raised by the

appellate courts *sua sponte*." ***Weir v. Weir***, 631 A.2d 650, 653 (Pa. Super. 1993) (citation omitted).

In contrast, "[p]ersonal jurisdiction is a court's power to bring a person into its adjudicative process." ***Grimm v. Grimm***, 149 A.3d 77, 83 (Pa. Super. 2016) (citation and internal punctuation omitted). Moreover, unlike subject matter jurisdiction, a challenge to personal jurisdiction can be waived. ***Id.***

In Appellant's first issue, he purports to challenge the trial court's subject matter jurisdiction to enter the final PFA order against him. Appellant's Br. at 3, 11. Specifically, he inaccurately avers that all of the allegedly abusive emails and texts were sent and received in New Jersey, while Appellant and K.A.W. were both living there. Appellant's Br. at 7-10. Therefore, Appellant argues, the trial court did not have subject matter jurisdiction. ***Id.*** As explained below, Appellant's argument lacks merit and is, moreover, waived.

Whether a trial court has subject matter jurisdiction is a pure question of law; our standard of review is *de novo* and the scope of review is plenary. ***S.K.C. v. J.L.C.***, 94 A.3d 402, 406 (Pa. Super. 2014).

It is clear that the trial court, sitting in the Civil Division of the Court of Common Pleas of Northampton County, had subject matter jurisdiction to entertain K.A.W.'s PFA Petition seeking protection from Appellant, and to enter the final order granting it. ***See*** 23 Pa.C.S. § 6103 ("The court shall have jurisdiction over all proceedings under this chapter."). Appellant's averment to the contrary lacks merit.

While a challenge to subject matter jurisdiction is non-waivable, Appellant's argument that all of the abuse occurred in New Jersey, while Appellant and K.A.W. were living in New Jersey, impacts the court's power to grant relief, not its jurisdiction under the Act. **See Mockaitis**, **supra**; **Custer**, 933 A.2d at 1054 n.4 (explaining that whether certain circumstances are covered by the PFA Act "affects only the court's ability to grant relief, not its jurisdiction under the Act"). Since Appellant never raised his "New Jersey" argument before the trial court, it is waived. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

In his next two issues, Appellant avers, for the first time on appeal, that the trial court did not have "territorial jurisdiction" in this case. Appellant's Br. at 3. Appellant fails to define "territorial jurisdiction" with citation to legal authority and, once again, argues that the court lacked jurisdiction because both parties were residents of New Jersey when the alleged abuse occurred, and the emails and texts were sent from, and received in, New Jersey. Appellant's Br. at 3-10. As discussed above, Appellant failed to raise this challenge in the lower court with an objection or motion, and, therefore failed to preserve these issues for appellate review. **See** Pa.R.A.P 302(a).

Finally, Appellant asserts, also for the first time on appeal, that the trial court did not have personal jurisdiction over him. Appellant's Br. at 3, 10. Appellant failed to raise a challenge to personal jurisdiction in the lower court, and, therefore this issue is, likewise, waived. **See** Pa.R.A.P 302(a).

- 5 -

Moreover, even if Appellant had preserved the issue, it is without merit. Appellant consented to, and was bound by, the trial court's personal jurisdiction over him when he appeared and represented himself at the hearing by cross-examining K.A.W, testifying, and making legal arguments. **See McCullough v. Clark**, 784 A.2d 156, 157 (Pa. Super. 2001) (explaining that a party's taking steps or seeking relief manifests submission to the court's jurisdiction).

In conclusion, the trial court had subject matter jurisdiction over the PFA proceedings and Appellant has waived any challenges to the trial court's "territorial jurisdiction" over the matter or personal jurisdiction over him.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 5/20/2020*