## Kearney *v.* Kane, Appellant.

*Vendor and vendee—Refusal of deed—Possession—Interest.*

Where a vendee of land in possession refuses to accept a deed, because it does not contain as broad a water right as provided for in the articles of sale, but he does not go out of possession, and subsequently accepts the deed as originally tendered to him, he is liable for the interest on the balance of the purchase money due from the time of the original tender until the final acceptance of the deed.

Argued Nov. 20, 1906. Appeal, No. 149, Oct. T., 1906, by defendant, from judgment of C. P. Chester Co., Aug. T., 1905,

No. 38, on verdict for plaintiff in case of Margaretta L. Kearney v. J. A. Bayard Kane.　Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.　Affirmed.

Assumpsit for interest on purchase money of real estate. Before BUTLER, J.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $340.16.　Defendant appealed.

*Errors assigned* were portions of charge quoted in the opinion of the Superior Court.

*J. Frank E. Hause*, for appellant, cited : Vernam v. Wilson, 31 Pa. Superior Ct. 257.

*A. Wanger*, with him *Geo. B. Johnson*, for appellee, cited : Hershey's Estate, 213 Pa. 601 ; Gilbert v. Parcels, 8 Del. Co. 475.

PER CURIAM, December 10, 1906 :

This was an action of assumpsit to recover interest upon purchase money under contract for the sale of real estate.　The pertinent facts and principles of law applicable thereto are accurately stated in the following portion of the charge of the learned trial judge : " The contract of sale, among other matters, contains this clause : 'It is understood that the property had a right to an unlimited supply of water from the reservoir belonging to the borough of West Chester, Pennsylvania.' That was a stipulation in the contract between these parties, and Dr. Kane had a perfect right to insist upon it and to require that a deed should be given him as broad as that stipulation if Mrs. Kearney possessed such a right.　If she tendered to him a deed that did not contain a provision as to water as broad as the provision of the contract of sale, if she possessed such a right, he was not bound to accept that deed, nor indeed was he bound to accept a deed if she could not convey to him the right she had promised.　I say it was his privilege to insist on a deed conveying that right in water of the borough, as

broad as the language in this contract, therefore if it transpired, as it did transpire in this case, that Mrs. Kearney had no such right as was in the contract, he had a perfect right to refuse to accept this property.  He had a right to go out of possession, if he had already taken possession, and refuse to comply with the contract and to take a deed, because Mrs. Kearney was not able to do what, under the terms of the contract, she said she would do.  But that course was not pursued.  The doctor did go into possession of these premises under this contract about November 1, and on November 14 following, after there had been discussion and controversy between the parties and their counsel respecting this water right, a definite offer of a deed was made by the plaintiff to the defendant, that deed being admittedly satisfactory as far as it went, but it said nothing with respect to the water right recited in this contract of sale. The defendant refused to accept that deed, and further said that he would accept no deed that did not contain a stipulation as broad as that in the contract of sale.  The plaintiff responded with the offer of a deed that would contain a grant of all the water right she had, the right to such privileges in the borough water as were defined as belonging to this property in the case of Kearney against the borough of West Chester.  As I have said to you, Mrs. Kearney, by her contract, had bound herself to give more than that.  She had bound herself to Dr. Kane to give a water right as broad as that described in her article of agreement, but it being apparent at this time, November 14, 1904, that that was impossible, that she did not own any such water right, then as we understand the law it was Dr. Kane's duty to make an election, either to stay upon the premises and carry out this contract to the extent that Mrs. Kearney could carry it out, to wit: accept a deed and pay for the place with such stipulation as was offered with respect to the water right, on November 14, which as I have said, was all Mrs. Kearney could give, or it was his privilege to say, I stand strictly on this contract of sale; you cannot give me such a water right as you contracted for; I will vacate the premises; you can have them again, and I will hold you in damages for your failure to carry out the contract as you have made it.  But Dr. Kane did not do that.  I do not suggest at all that he was inspired by anything else than proper honest motives in the mat-

ter, but as a fact he did not do that.    He elected to remain upon this property, and we say to you that when, on November 14, he was offered in effect a deed with as broad a water right as Mrs. Kearney possessed, and he elected to stay upon these premises and subsequently did take them and pay for them by receiving a duly executed deed, we say to you that for the period of occupancy from November 14, when he was offered all that Mrs. Kearney could give him, and she in good faith had done all she could do, he is responsible for the interest on the purchase money down to the time it was in fact paid, because Mrs. Kearney was not in the wrong.    A vendee in possession, where payment of the purchase money is unjustly delayed, is always responsible for interest on deferred payments of purchase money unless the vendor is in fault, causes the delay in the payment by failing to do what she should do and what she is able to do.    Such failure does not appear on the part of Mrs. Kearney.    She, in law and fact, could not give more than she offered, and therefore when Dr. Kane elected to stay upon these premises and finally did execute this contract, we think under the law, he is responsible as we have stated, for interest on the unpaid purchase money, from November 14, 1904, down to the time of settlement; that has been computed and amounts to $340.16."

Notwithstanding the earnest and able argument of the appellant's counsel, it is our opinion that the case is ruled, in principle, by Hershey's Estate, 213 Pa. 601, and therefore that no error was committed in the instructions above quoted.

Judgment affirmed.