## Witmer, Appellant, *v.* Delone.

*Vendor and vendee—Dispute as to title—Interest on purchase money.*

If the vendor of real estate cannot make title at the time appointed for the payment of the purchase money, and the vendee takes and retains possession, the latter must pay interest as a compensation for the profits he is receiving pending the determination of the question of title in the vendor's favor.

Argued May 20, 1909. Appeal, No. 165, Jan. T., 1909, by plaintiffs, from judgment of C. P. York Co., Oct. T., 1907, No. 36, on verdict for plaintiffs on case stated in suit of Barbara F. Witmer and Mary Grove, Administrator d. b. n. of the Estate of Sarah J. Hostetter, deceased, v. Charles J. Delone. Before MITCHELL, C. J., FELL, BROWN, ELKIN and STEWART, JJ. Judgment modified.

Case stated to determine title to real estate. Before BITTENGER, P. J.

The facts are stated in the opinion of the Supreme Court and in the report of the case of Witmer v. Delone, ante, p. 448.

The court entered the following judgment:

And now, March 31, 1909, after due consideration, being of opinion that the administrators, d. b. n., can give and deliver to Charles J. Delone a fee simple title to the tract of land purchased by him, and described in the case stated; and that the defendant, Charles J. Delone, should not pay interest on the purchase money from the second day of April, 1906, judgment is, according, entered on the case stated, for the plaintiffs, and against the defendant, Charles J. Delone, for the sum of $7,514.88, with costs of suit.

*Error assigned* was the order of the court.

*V. K. Keesey,* with him *C. E. Ehrehart* and *J. S. Black,* for appellants.—The general rule is that when a purchaser of land goes into possession and continues undisturbed, he must pay interest, although the deed is not delivered at the time agreed on: Fasholt v. Reed, 16 S. & R. 266; Minard v. Beans, 64 Pa. 411; Hershey's Est., 213 Pa. 601; Blair's Est., 178 Pa. 582; Gurl's Est., 2 Kulp, 521; Penna. Mining Co. v. Smith, 210 Pa. 49.

*J. W. Gitt, Jr.,* and *Allen C. Wiest,* for appellee, cited: Kelsey v. Murphy, 30 Pa. 340; Minard v. Beans, 64 Pa. 411; Mining Co. v. Jones, 108 Pa. 55.

OPINION BY MR. JUSTICE STEWART, June 22, 1909:

The plaintiffs in the case stated. under consideration in

No. 163 to the present term, are appellants here. At an orphans' court sale of the real estate of Sarah J. Hostetter, deceased, September 26, 1905, the defendant became the purchaser. The sale thus made was duly confirmed by the court. Immediately upon the sale the defendant paid the required hand money, twenty-five per cent of the purchase price, and entered into possession. He retained possession until January, 1908, when he voluntarily abandoned the property. The terms of sale required payment of the balance of the purchase money April 2, 1906. On that day the plaintiffs tendered the defendant a deed for the premises and demanded payment. He refused to accept the deed, and refused to pay the balance of the purchase money or any part of it. On January 27, 1908, he presented his petition to the orphans' court, praying that the confirmation of sale be opened and annulled, unless the plaintiffs herein, who succeeded to the trust of the administrator who made the sale, would, through the submission of a case stated, have the title vested in Sarah J. Hostetter judicially determined to be a fee simple. The finding of the court was that the defendant had purchased under an agreement with the administrator that he should receive a fee simple title, and that a case stated would be submitted to the court for the purpose of determining the sufficiency of the title, before delivery of the deed and payment of the purchase money. The court deeming it equitable that this agreement should be performed, directed that a case stated be entered into and filed in the proper court for the determination of the question of title. Agreeably to his order the parties, plaintiffs and defendant, entered this action. We have thus recited all the facts which are set out in the case stated. It is only necessary to add that judgment was rendered on the case stated in favor of the plaintiffs, thus sustaining the title, which judgment on defendant's appeal therefrom we have just affirmed. One question submitted was, whether the defendant, in case the title was adjudged sufficient, would be liable for interest on the unpaid purchase money from April 2, 1906, the date when by the terms of sale it became due and deed was tendered. The learned judge held that the effect of the agree-

ment on part of the administrator to postpone the payment of balance of purchase money until the sufficiency of the title had been established, was to release the purchaser from liability for interest meanwhile.   In this conclusion we cannot concur.   Here was a delay of nearly two years, during all of which time the defendant was in possession of the property, deriving whatever income it yielded; and he was in possession of the purchase money as well.   It would be an unusual case that would justify any such exclusive appropriation of benefits by a vendee.   Ordinarily interest is not demandable until money is due.   By the terms of sale this purchase money was overdue after April 2, 1906.   The agreement on the part of the administrator not to demand it until the question of title had been settled, did not make it any the less overdue.   "There is a class of cases," says THOMPSON, P. J., in Minard v. Beans, 64 Pa. 411, "where interest is always charged on money due, although not payable, by a vendee.   For instance, where the purchase money is payable at a certain time, and the deed is to be made at the same time.   If the vendor cannot make title at the time appointed for the payment of the purchase money, and the vendee retains possession, he must pay interest as a compensation for the profits he is receiving during the vendor's inability to make title.   It would be grossly inequitable, that the vendee should hold both land and money and compensate for neither.   These and kindred circumstances raise an obligation to pay interest, although the purchase money is not recoverable."   The present case so clearly falls within the class of cases here referred to, that nothing need be said further on the general proposition.   The case stated exhibits no facts from which any equity can arise to avail the defendant.   It in no way accounts for or explains the delay in bringing the question in regard to the sufficiency of the title to a determination.   For all that we are permitted to know it may have been default on part of the defendant. This much is certain, the action he finally took January 27, 1908, asking that the confirmation of sale be annulled, and which resulted in an order for the case stated, could just as well have been taken immediately upon the tender of the

deed. It is enough to know that plaintiffs stand clear of all charge of bad faith in connection with the matter. It does not appear that they ever refused a demand to enter into a case stated or delayed the proceeding in any way, or did anything that would estop them from asserting their present claim. We see nothing in the case that can operate to release the defendant from liability for interest. The judgment entered by the court was for the unpaid balance of the principal, to wit, $7,514.88. We now amend the judgment so that it shall be for the above sum with interest from April 7, 1906; and as so amended the judgment is affirmed, the costs of this appeal to be paid by the appellee.