# Sayre Borough *v.* Waverly, Sayre & Athens Traction Co., Appellant.

*Street railways—Contract with municipality — Paving—Equity —Jurisdiction—Money damages—Grading at crossings.*

1. Equity has jurisdiction to compel a street railway to specifically perform its contract with a municipality for the making of street improvements.

2. Where equity has obtained jurisdiction for such purpose, it will, to prevent a multiplicity of suits, grant relief by ordering such company to pay the loss its failure of performance caused the municipality.

3. A street railway company's financial embarrassment and difficulty in procuring material and labor constitute no legal excuse for failure to perform its contract with a municipality for street improvements.

4. A municipality is not required to procure the consent of the Public Service Commission to make a slight change of grade at a street intersection, although there may be a street railway track upon the street to be improved.

5. This is especially the case, where a street railway company is under contract to conform the grade of its track to that of the street as the municipality may establish it.

Argued March 14, 1921. Appeal, No. 272, Jan. T., 1921, by defendant, from decree of C. P. Bradford Co., in favor of plaintiff, on bill in equity, in case of Sayre Borough v. Waverly, Sayre & Athens Traction Co. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ. Affirmed.

Bill in equity for mandatory injunction, and for payment of money due. Before Maxwell, P. J.

The opinion of the Supreme Court states the facts.

The court entered a decree in accordance with the prayers of the bill. Defendant appealed.

*Error assigned,* among others, was decree, quoting it.

*J. Roy Lilley,* with him *William P. Wilson,* for appellant.—The Public Service Commission has jurisdiction: St. Claire Boro. v. Ry., 259 Pa. 462; Foltz v. Public Service Commission, 73 Pa. Superior Ct. 24; Pottsville, etc., R. R. v. P. S. C., 67 Pa. Superior Ct. 301.

*Edwin M. Dunham,* for appellee, was not heard.

OPINION BY MR. JUSTICE WALLING, May 2, 1921:

In 1893 the plaintiff borough by ordinance, duly accepted by defendant, authorized the latter to occupy certain streets, including North Elmer Avenue, with its street railway. This the defendant did and constructed a single track road upon the avenue, which it has since maintained. The ordinance provides, inter alia, that, "Whenever any grade shall be changed along the street or avenue line of said tracks, the grade of street railway shall be at once altered at the expense of said company to conform to the new grade......And whenever this borough council shall decree or ordain the paving of any street or avenue upon which switches, tracks or turnouts are laid, the company shall at once pave between their rails and for eighteen inches outside them, with material as used or ordained by the borough or with vitrified brick at the company's option." The avenue was then an earth road at natural grade, but in the spring of 1917 the borough enacted an ordinance and let a contract for laying a concrete pavement therein. Of this defendant had due notice and was requested to lay its part of the pavement, but neglected and refused to do so. Paving the avenue necessitated slight changes of grade ranging from one to eight inches at the street intersections, being the usual levelling of the surface of an earth road when changing it into a paved street. To this new grade, defendant failed to bring its track, although duly requested. Three years have elapsed since the borough completed its part of the improvement, but the avenue is still in a disturbed and unsafe condition by

reason of appellant's default. Defendant's failure to comply with the original ordinance caused plaintiff an extra expense of $1,266.92; to recover which and compel defendant to bring its tracks to grade and complete the pavement, the borough filed this bill. The case was heard upon bill, answer, replication and testimony; the chancellor found the facts, stated his legal conclusions and, after passing upon exceptions, entered a final decree granting the relief prayed for; from which defendant brought this appeal.

The case was well tried and rightly decided. Defendant could not enter the borough without its consent (article XVII, section 9, state Constitution) and the franchise ordinance as accepted forms a contract between the parties, with which defendant must comply.

Equity has jurisdiction to compel a street railway company to specifically perform its contract with the municipality for the making of street improvements (Patton Twp. v. Street Ry. Co., 226 Pa. 372; Chambersburg Borough v. C. & G. Elec. Ry. Co., 258 Pa. 57); and having obtained jurisdiction for that purpose it will, to prevent a multiplicity of suits, grant complete relief by ordering such company to pay the loss its failure of performance caused the municipality: see Allison and Evans's App., 77 Pa. 221.

Defendant's financial embarrassment and difficulty in procuring material and labor constitute no legal excuse for failure to perform its contract. The alleged inability to procure new rails is entirely without merit, as plaintiff offered to permit defendant to use the rails then in place. Since this improvement was undertaken before our entrance into the world war, and before any request from the government to refrain from unnecessary work, the patriotic objection made to it is not well taken. Leaving the avenue torn up and unsafe for traffic did not assist in winning the war.

As the street crossings affected were all on the ground long before the pavement was started, and there was

no attempt at or intention of establishing, abolishing, re-
locating, or substantially changing the grade of any
crossing, the case does not fall within the jurisdiction of
the Public Service Commission.  A municipality is not
required to get the consent of the commission before it
can make an inconsequential change of a few inches in
the grade of its existing street intersections, rendered
necessary by a street improvement, although there may
be a railway track upon the street so improved.  This is
especially so where, as here, the railway company is
under contract to conform the grade of its track to that
of the street as the municipality may establish it.

The decree is affirmed and appeal dismissed at the
costs of appellant.