WILCOX v. COMMONWEALTH REALTY & TRUST CO.

1. VENDOR AND PURCHASER—DEFAULT OF VENDOR—RIGHT TO INTEREST.

In absence of stipulation as to interest in case of delay, purchaser who takes possession of land under contract of sale is liable for interest on purchase money from time stipulated for its payment, even though contract is not completed at time fixed therefor and delay is due to vendor, unless purchaser has actually set aside and appropriated money to contract, so that he is out the use of it or interest thereon.

2. SAME—WHEN PURCHASER IN POSSESSION LIABLE FOR INTEREST.

Where purchasers arranged with bank to furnish money when needed to pay up contract, but paid no interest and were in possession of property and enjoyed benefits from its use and occupation after due date and until defect in abstract which had not been discovered by vendor was corrected, purchasers are liable for interest for such period; vendor not being guilty of wilful default.

3. SAME—VENDOR GUILTY OF WILFUL DEFAULT NOT ENTITLED TO INTEREST.

Vendor with full knowledge that it was to convey clear title, and with like knowledge of undischarged mortgage which was past due and payable, who took no steps to provide for its discharge during three months after contract became due, while abstract was being perfected, was guilty of wilful default after said date, and is therefore not entitled to interest thereafter, although purchasers were in possession of property.

Appeal from Wayne; Miller (Guy A.), J. Submitted October 16, 1929. (Docket No. 42, Calendar No. 34,560.) Decided December 3, 1929. Rehearing denied January 24, 1930.

Bill by Verne H. Wilcox and another against Commonwealth Realty & Trust Company for specific performance of a land contract. From a decree for plaintiffs, defendant appeals. Modified and affirmed.

As to necessity of keeping tender good by purchaser in possession to stop running of interest and costs, see annotation in 12 A. L. R. 942.

*Robert J. Hanley* and *G. Lewis Carter,* for plaintiffs.

*Goodenough, Voorhies, Long & Ryan,* for defendant.

Clark, J. Plaintiffs, purchasers, filed this bill for specific performance of a land contract, and had decree, from which defendant has appealed.

The trial court's denial to defendant of interest after the due date of the contract is the only question presented. The contract provides for interest until the principal sum shall be fully paid. Upon completion of the contract, defendant agreed to execute and deliver to plaintiffs a warranty deed of the lands "free and clear of all liens and incumbrances." The due date was April 1, 1928. On March 10, 1928, defendant's attorneys wrote to plaintiffs that defendant insisted on payment when due. An abstract was furnished agreeable to the contract, and on March 30, 1928, plaintiffs' attorneys advised defendant that it was incomplete, and again on April 5th plaintiffs' attorneys advised defendant that the title was defective, an omission respecting deed by an administrator, and also called attention to an undischarged mortgage. It is apparent that the omission relative to the deed had not been discovered by defendant or its attorneys. The defect was corrected within three months. During this time defendant had neither procured nor provided for discharge of the mortgage, and on July 3, 1928, defendant's attorneys wrote to plaintiffs' attorneys demanding in effect that plaintiffs assume and pay the mortgage. Plaintiffs rightly refused this as contrary to the contract. The demand was withdrawn on July 9th. On July 16, 1928, no deed as

provided by the contract being forthcoming, plaintiffs filed this bill.

The amount found due on the contract on April 1, 1928, with interest, was $12,056.05. On or about the due date plaintiffs by deposit of a number of coupon bonds as collateral arranged with a bank that the amount to be paid on the contract would be furnished when needed, and defendant was advised accordingly. No loan was made or has been made. Plaintiffs paid no interest. The coupons are still attached to the bonds. Plaintiffs at all times herein have been in possession of the property contracted to be conveyed. There is a building on it used for apartment purposes. No question of tender is involved, it being considered that formal tender was not here required. The general rule is stated in 8 Ann. Cas. 935:

"It is well established that in the absence of a stipulation as to interest in case of delay, a purchaser who takes possession of land under a contract of sale is liable for interest on the purchase money from the time stipulated for its payment, even though the contract is not completed at the time fixed for completion, and though the delay is due to the vendor.

"The foregoing rule is based upon the ground that it is inequitable to allow the purchaser to enjoy the use of the land, or the rents and profits of it, and at the same time to let him have the use of the purchase money to the loss of the vendor. The vendor should as a rule have either interest on the purchase money or the rents and profits of the land."

An exception must be noted. If the purchaser has actually set aside and appropriated the money to the contract so that he is out the use of it, or interest on it, it will be seen that the foregoing rule ought

not, equitably, to be applied. Accordingly it is stated in 8 Ann. Cas. 937:

"The rule is well established that even if the vendor is at fault the purchaser, if he would escape the liability to pay interest, must actually set aside the purchase money and appropriate it for the vendor, must not in any way derive any benefit from the money, and must notify the vendor of these facts and that the money is thus lying idle."

See Pomeroy's Specific Performance (3d Ed.), §§ 430 and 431; 27 R. C. L. p. 538; 12 A. L. R. 942, note.

In the case at bar plaintiffs made no appropriation of money to the contract, set no money aside. They have suffered no detriment by way of interest or of being deprived of the use of the money by reason of the arrangement at the bank, which was no more than an agreement that the money would be loaned when needed. And plaintiffs have enjoyed benefits from use and occupation of the property. On this point the case is ruled by *Norris* v. *Ryno,* 169 Mich. 193. The case does not fall within this exception. Of the aforesaid rule regarding setting aside or appropriating the money to the contract it is said in *Barnett* v. *Cloyd's Ex'rs,* 125 Va. 546 (100 S. E. 674):

"But if the delay be due to the wilful default of the vendor, such rule does not apply."

And it is urged that the defendant vendor's default here was wilful and that therefore interest after the due date should be denied to it, citing *Atchison, etc., R. Co.* v. *Railroad Co.,* 162 Ill. 632 (44 N. E. 823, 35 L. R. A. 167). That case was exceptional in that the possession of the purchaser was in the interest of both parties, but it appearing that the vendor had

insisted, wrongfully and contrary to the contract, on putting a defeasance clause into the deed, the court said:

"It may well be that where the vendor is unable to perform his contract at the time he agreed to convey, and is prevented by circumstances not under his control, or that by mere negligence he fails to convey at the time, equity may require interest to be paid. A very different question is presented where the vendee is desirous of having a compliance by the vendor, and the vendor is able but wrongfully and wilfully refuses to comply with his contract"

—and the purchaser was relieved of interest. See 8 Ann. Cas. 937; 27 R. C. L. p. 538; *Stevenson* v. *Davis,* 23 S. C. R. (Can.) 629; Waterman on Specific Performance, p. 742.

Under peculiar provisions of certain contracts of vendor and purchaser, English courts have considered "wilful default." It is undoubted that wilful obstruction and intentional delay constitute wilful default. But the words have a larger meaning. *In re Hetling and Merton's Contract* (1893), 3 Ch. 269, it was said:

"Whatever may be the popular meaning of wilful default, whatever the expression may mean in dealing with other matters, it is now settled that moral delinquency, intentional delay, wilful obstruction on the part of a vendor, may all be absent, and yet there may be wilful default on his part disentitling him to interest under a contract such as that before us."

See Fry's Specific Performance (5th Ed.), p. 689, and cases cited.

Instances of wilful default are: Where vendors knowingly delayed completion by omitting to take steps to procure certain conveyances. *In re Wilson's*

*and Stevens' Contract* (1894), 3 Ch. 546. Where the vendors knowingly relied on an insufficient power of attorney. *In re Hetling and Merton's Contract, supra.* Where the vendor went abroad two days before the date fixed for completion and thus could not complete. *In re Young and Harston's Contract,* 31 Ch. D. 168.

In the case at bar the delay due to correcting omission respecting deed was not caused by wilful default. It is evident that the defect, which was not plainly apparent, had not been discovered and was not known by defendant or its attorneys, but it was brought out by the vigilance of plaintiffs' attorneys. A case quite in point is *In re Woods and Lewis' Contract* (1898), 2 Ch. 211, from which we quote applicable part of syllabus:

"A clause in a contract for the sale of lands provided that, if from any cause whatever other than the 'default of the vendor,' the purchase should not be completed by the day fixed, the purchaser should pay interest until completion. Upon investigation of the title a defect in it was discovered by the vigilance of the purchaser's advisers, which was not known to or suspected by the vendor when he entered into the contract, and the time occupied in remedying the defect delayed the completion of the purchase for nearly three months after the day fixed.   *   *   *

"*Held,* affirming the decision of Romer J. (1898), 1 Ch. 433, that, there being no want of reasonable care on the part of the vendor and no abstention from doing anything that he ought to have done, the delay was not attributable to his 'default,' and that the purchaser must pay interest until completion."

Having held that the delay from April 1st to July 1st, the time necessarily taken in correcting the defect respecting deed, was excusable, there remains the delay after July 1st. *In re Mayor of London and*

*Tubbs' Contract* (1894), 2 Ch. 524. Defendant, with full knowledge that it was to convey clear title, and with like knowledge of the undischarged mortgage, took no steps to procure or provide for discharge of the mortgage which was past due and payable, but wrongfully demanded of plaintiffs that they assume and pay the mortgage debt, which plaintiffs rightfully refused as contrary to the contract. The mortgage remained, was not discharged when this bill was filed, nor when decree was entered in April, 1929, and statement of counsel in argument here that it still was undischarged was not challenged. The delay after July 1, 1928, was due to wilful default of defendant, and it is not entitled to interest after that date. *Dwight* v. *Cutler,* 3 Mich. 566 (64 Am. Dec. 105).

The decree will be modified by increasing the total amount found and decreed to be due defendant by addition of interest from April 1 to July 1, 1928, and, so modified, is affirmed, with costs of this court to defendant.

NORTH, C. J., and FEAD, BUTZEL, WIEST, MCDONALD, POTTER, and SHARPE, JJ., concurred.