## Leafgreen *v.* Drake's Exrs., Appellants.

Argued April 14, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*F. B. Holmes,* with him *E. J. Fox,* for appellants.— The accountants are entitled to credit for interest on the unpaid purchase money.

When a vendor refuses to convey real estate according to his agreement, and keeps the vendee out of possession, and the rents and profits are less than the interest on the purchase money, the vendor will not be allowed such interest: King v. Buckman, 24 N. J. Eq. 298; Atchison, T. & Santa Fe R. R. v. R. R., 162 Ill. 632; Ewalt v. Gray, 6 Watts 427; Zimmerman v. Eshbach, 15 Pa. 417; Baum v. Dubois, 43 Pa. 260; Carman v. Beam, 88 Pa. 319; Dwyer v. Wright, 162 Pa. 405; Orne v. Coal Co., 114 Pa. 172; Minsker v. Morrison, 2 Yeates 344.

There was no estoppel.

The delay in the progress of this case is a matter for which plaintiff himself and no one else is responsible: McGrann v. Allen, 291 Pa. 574.

*W. B. Eilenberger,* with him *Harvey Huffman* and *C. C. Shull,* for appellee.—Appellants are estopped by the final decree in the previous suit from taking credit in their account for interest on the unpaid purchase money: McGunnegle v. R. R., 269 Pa. 404; Minard v. Beans, 64 Pa. 411.

The case of Davidson v. Davidson, 298 Pa. 42, is ample authority for the position that the decree for accounting is final both as to fact and law. See also Havir's Est., 283 Pa. 292.

Neither under the contract nor under equitable principles are appellants entitled to interest even if the appellee receives the rents and profits of the real estate: Phila. v. Com., 276 Pa. 12; Koch v. County, 12 Pa. Superior Ct. 567; McCormick v. Crall, 6 Watts 207; Kester v. Rockel, 2 W. & S. 365; Fasholt v. Reed, 16 S. & R. 265; McKenna v. Sterrett, 6 W. 162.

OPINION BY MR. JUSTICE SCHAFFER, May 12, 1930:

As a result of a decree of specific performance entered by the court below and affirmed by us (280 Pa. 215), defendants conveyed the property, subject of the litigation, to plaintiff. The decree required them to file an account

of all transactions arising out of their possession, control and operation of the property since May 13, 1918, the date of the sale agreement which the decree enforced. When the account was stated, a number of exceptions were filed to it, which were passed upon by the chancellor, and from his order in connection therewith defendants prosecute this appeal.

We are called upon to determine only one question. In their account defendants charged themselves with the rents and income received from the date of the agreement, and claimed, among other credits, the sum of $18,425, representing interest which they allege is due to them on the deferred portion of the purchase money from October 1, 1918, a date fixed in the agreement, to May 1, 1924, when the deed for the property was delivered to plaintiff. The court awarded to plaintiff the net amount of the rents and income, but refused to allow defendants the credit claimed for interest, in this connection saying that the agreement of sale made no provision for interest on the unpaid purchase money (though we think it does) and that defendants and their decedent in his lifetime had deprived plaintiff of the possession, use and enjoyment of the property from the time when delivery thereof should have been made until May 1, 1924, when it was conveyed in compliance with the decree. The chancellor determined that there was no liability upon plaintiff for the interest, that it bore no relation to anything so far as rents, issues and profits are concerned, and that, as defendants had not demanded interest at the time of the delivery of the deed and the acceptance by them of the mortgage of $55,000 provided for in the agreement, they were estopped from claiming it. In the chancellor's view the claim for interest under the conditions as they appeared was on the same plane with a claim for waste and depreciation, and the case of Head v. Meloney, 111 Pa. 99, was in his opinion controlling under the principle that a claim for deterioration of property during the time it is wrongfully withheld

from conveyance by the grantor cannot be recovered, after delivery of the deed in pursuance of a decree of specific performance. He further held that, as the reason why the transfer of the property was not made was defendant's wrongful refusal to carry out the contract, they could not claim the interest, citing King v. Ruckman, 24 N. J. Eq. 298, and Atchison, Topeka & Santa Fe R. R. Co. v. Chicago & Western Indiana R. R. Co., 162 Ill. 632, 44 N. E. 823, 35 L. R. A. 167, as authorities sustaining his last conclusion. We think these cases not controlling under the situation we are now dealing with and that other long established equitable principles hereafter stated are justly invokable by defendants to determine the controversy. So far as estoppel is concerned, by reason of the delivery of the deed and acceptance of the mortgage without demand for interest, the account to be submitted involving the financial transactions connected with the property was not required to be filed until after these transfers had been made.

Turning to the agreement, we find that it is dated May 13, 1918, and gives plaintiff the option to purchase the property upon certain payments being made by him, which the chancellor found had been completed, and proceeds, "if the said Hans A. Leafgreen [plaintiff] shall make all of said payments in strict accordance with the terms hereof then the balance of the purchase price of said property amounting to fifty-five thousand ($55,000) dollars may be paid by said Hans A. Leafgreen in four (4) years, with interest thereon from and after October 1, 1918, at the rate of six per cent per annum," with a further provision that this deferred payment should be secured by a mortgage on the property, and bonds "with interest at six per cent per annum, payable semiannually, evidenced by interest coupons." We thus see that the contract specifically provided for the payment of interest on the deferred payments. We said when the case was here before (280 Pa. 215, 224):

"Any question regarding the interest can be taken care of on the accounting ordered by the court." So the proper time to make the claim was on the accounting, as defendants did. Failure to make it before did not prejudice their rights.

Whether the agreement had provided for the payment of interest by the vendee on the unpaid purchase money or not, under well-established equitable principles, as he receives, by the court's decree, the net rents and income from the property from the date of the contract, May 13, 1918, to the date of the deed to him, May 1, 1924, he is required to pay the interest or forego the income. Equitably he cannot have both. "The vendor is regarded as trustee of the land for the benefit of the purchaser, and liable to account to him for rents and profits, or for the value of the use and occupation, and the purchaser is treated as trustee of the purchase money unpaid and charged with interest thereon unless the money has been appropriated, and no benefit has accrued from it to the purchaser": Howell's Est., 224 Pa. 415, 421. See also Hershey's Est., 213 Pa. 601; Witmer v. Delone, 225 Pa. 452, 455; Minard v. Beans, 64 Pa. 411; 39 Cyc. 1571. The rule is well stated in Crockett v. Gray, 39 Kan. 659, 18 Pac. 905, where it is said: "The result, in equity, of a contract of sale, is that the thing sold thereupon becomes the property of the purchaser, and the purchase money the property of the vendor; whence it follows that the purchaser is entitled to the rents of the estate from the time fixed for the completion and the vendor is entitled to interest on the purchase money from the same time. In a word, the estate and the purchase money are things mutually exclusive, and neither party can at the same time be entitled to the enjoyment of both. ......
Where the interest is much more in amount than the rents and profits, and the delay in completion is clearly made out to have been occasioned by the vendor, the court, to prevent the vendor from gaining an advantage by his own wrong, gives him no interest, but leaves him

in possession of the interim rents." Further authorities for these principles are Fry on Specific Performance (6th ed.), sections 1399, 1402, 1404; Pomeroy, Specific Performance (3d ed.), sections 427, 431; King v. Ruckman, 24 N. J. Eq. 556; Worrall v. Munn, 38 N. Y. 137; 39 Cyc., page 1630. We think Atchison, Topeka & Santa Fe R. R. Co. v. Chicago & Western Indiana R. R. Co., 162 Ill. 632, 44 N. E. 823, cited by the court below for its conclusion on a study of its facts, is not in any way at war with the principles to which we have adverted. There vendee was in possession under a lease before title was tendered, and the court said: "the benefits to be derived by appellee from its rights under its lease to appellant, and the consideration to be paid thereunder, were to be regarded as equivalent to a release of a claim of interest."

The net rents and income in the hands of defendants (vendors) and which the chancellor decreed should be paid to the plaintiff (vendee) including interest thereon from May 1, 1924, which was also allowed, amount to $21,321.12, as set out in the decree, which takes account of an item of $300 paid to plaintiff's attorneys, allowed as a credit. The actual net rents and income (excluding interest) amount to $16,135.32 and the interest claimed by defendants to $18,425. As the chancellor has found that the vendors unwarrantably kept the vendee out of possession and as the rents and profits are less than the interest, following the principles heretofore adverted to, we conclude that defendants cannot claim the interest, but we will leave them in possession of the rents and income. In this view of the matter, the interest on the rents and income amounting to $5,485.90, (calculated from, not before, May 1, 1924), assessed against defendants necessarily drops out.

As to the contention of plaintiff that the property had been injured by defendants while they were in possession of it and that allowance should be made to him for

this, it is sufficient to say that the chancellor adversely concluded as to this claim, which we think was proper.

The first, third and fourth assignments of error are sustained, with directions to the court below to reframe its final decree in accordance with this opinion; costs on this appeal to be equally divided between the plaintiff and defendants.