Candy *v.* Kean, Appellant.

Argued October 3, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Samuel J. Gottesfeld*, with him *Maurice Rose*, for appellant.

*Stanley Jakubowski*, for appellee.

OPINION BY DITHRICH, J., November 18, 1946:

Defendant, through her agent, Charles A. Hild, entered into a written contract with the plaintiff on August 5, 1944, wherein she agreed to sell and the latter agreed to purchase certain real estate on or before October 31, 1944, for the sum of $16,000. According to the terms of the agreement, plaintiff deposited $1,500 hand money with the agent. Defendant failed to appear at the settlement and refused to convey to the plaintiff, who had made the necessary arrangements to pay the balance of the consideration. Plaintiff then brought his bill in equity for specific performance, and a decree in his favor

was granted, the chancellor having concluded that the defendant breached the agreement of sale. The decree ordered and directed defendant to convey the premises to the plaintiff. It further ordered and directed her to pay to the plaintiff a sum equal to the rents at the rate of $100 per month from October 31, 1944, the date of the proposed settlement, to the date the title was actually conveyed, and allowed her as a credit the plaintiff's proportionate share of the taxes and water rents for that same period.

The effect of the decree of specific performance was to place the parties in the position in which they would have been if the contract had been performed at the agreed time, with one exception: While the plaintiff was awarded the income from the property for the interim period, the defendant was denied interest on the purchase price. From the court's refusal to award her interest, she brings this appeal. The single question raised is whether appellant is entitled to interest.

It is well established by equitable principles that the vendor is entitled to receive interest on the purchase money *unless the money has been appropriated.* "Where specific performance is decreed the court will, as far as possible, place the parties in the same situation in which they would have been if the contract had been performed at the time agreed upon, and by the application of the rule that things which ought to have been done are considered as having been done at the proper time, the vendor is regarded as trustee of the land for the benefit of the purchaser, and liable to account to him for rents and profits, or for the value of the use and occupation, and the purchaser is treated as trustee of the purchase-money unpaid, and charged with interest thereon, *unless the purchase-money has been appropriated and no benefit has accrued from it to the purchaser."* (Italics supplied) : 2 Beach Eq. Jur., §633. The general rule as thus stated is cited with approval in *Howell's Est.*, 224 Pa. 415, 421, 73 A. 445, 448, and *Leafgreen v. Drake's Exrs.*, 300 Pa. 369, 373, 150 A. 656, 657.

The learned chancellor found as a fact that plaintiff deposited the entire purchase price, $14,500, plus additional fees at the place of settlement, the Frankford Trust Co., and $1,500 with the defendant's agent, Hild, and stated as a conclusion of law that the plaintiff, on or before October 31, 1944, appropriated $16,000 for delivery to the defendant in return for her deed, and that he received no benefit from the fund since that date.

Appellant contends that the plaintiff had no fund to appropriate and did not appropriate any fund for the benefit of the vendor. Since it was found as a fact by the chancellor upon good and sufficient evidence that the plaintiff deposited the purchase money, the question narrows down to whether such deposit was sufficient to constitute a setting aside of the fund, or an appropriation, as the chancellor concluded. We are of opinion that it was. At the time of the attempted settlement, plaintiff was ready and willing to pay the full purchase price. Where the money came from is immaterial. The defendant was notified of the appointed time and place of settlement and failed to appear and perform. The plaintiff had done all that was required of him under the circumstances. It was not necessary for him to deposit a fund with some third person subject to the order of the vendor. In view of the defendant's unconditional and persistent refusal to convey, a deposit to her order would have been useless. The factor essential to an appropriation for this purpose is the setting aside of the fund in readiness to perform. "While there is authority for the view that a mere tender by the purchaser is not of itself sufficient to prevent the award of interest on the purchase price of real property, . . . it has been laid down that the purchaser may be discharged from the duty of paying interest by a tender of the purchase-money when it became due and a continued readiness to pay it since; . . ." 58 C. J. 1243, Spec. Perf. §595. In view of appellant's refusal to deliver the deed on the day set for settlement, a formal tender of the purchase price was

not required. Plaintiff was in readiness to perform at the settlement, and that is all that was required of him: *Douglas v. Hustead*, 216 Pa. 292, 65 A. 670; *Bush v. Atlas Auto. Finance Corp.*, 129 Pa. Superior Ct. 459, 195 A. 757. Plaintiff, therefore, was properly relieved from the payment of interest. A holding to the contrary would permit the defendant to escape unharmed after having put the plaintiff to unnecessary delay, inconvenience, and expense by her breach of the agreement. "Interest is exacted as the penalty of default, and here the plaintiffs were in no default. On the contrary, the default has been on the part of the defendants. Instead of being entitled to interest, their default left them, at the time of bringing suit, without a right to demand even the principal, and this can now be claimed only on tender of a deed in conformity with the decree." *Hughes v. Antill*, 23 Pa. Superior Ct. 290, 296.

The decree is affirmed.