Sladkin et ux. *v.* Greene et ux., Appellants.

Argued April 21, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*John M. Smith, Jr.,* with him *Jacob B. Santangelo,* for appellants.

*Henry W. Scarborough, Jr.,* with him *Ira Jewell Williams, Sr.* and *Leonard F. Markel, Jr.,* for appellees.

OPINION BY MR. CHIEF JUSTICE MAXEY, May 24, 1948:

This is an appeal from the decree of the Court of Common Pleas of Montgomery County directing specific performance of an agreement to sell real estate.

On January 12, 1946, an agreement to sell the property located at 715 Washington Lane, Jenkintown, Pennsylvania, together with certain fixtures and accessories, was executed by defendants and plaintiffs. The consideration was $30,000.00. Plaintiffs deposited $3,000.00 at the time of the signing of the agreement and agreed to pay the balance of $27,000.00 at the date of settlement to be held on or before the first day of June 1946. By registered letter dated January 19, 1946, which was received by the addressee on February 2, 1946, defendants notified their agent, C. A. McGroarty, of their refusal to comply with the provisions of the agreement of sale. Plaintiffs' deposit of $3,000.00 was enclosed at that time. Plaintiffs, who were at all times ready, willing and able to comply with the terms of the agreement, set the first day of June 1946 at the office of the Land Title Bank and Trust Company, Jenkintown, Pa., as the time and place to settle for the conveyance of the premises. Notice of this fact was sent to defendants, who failed to appear or be represented at that time.

The Court of Common Pleas of Montgomery County issued an injunction forbidding defendants from transferring the property to any third party. Hearings were subsequently had before the Chancellor. Depositions were taken of the wife-appellant in which she stated that she had taken "triple bromides" before signing the agreement of sale, consequently her signature was null and void. No request for a finding and no finding was made on this point and no exception was taken to the failure to make such finding. Nor was any medical testimony offered. The Chancellor found that the wife-

appellant's statement that she had taken bromides prior to the signing of the agreement affirmed rather than negatived the contention of the opposing party that the wife-appellant was calm and had a clear understanding of what she was doing at the time she signed the agreement of sale. It was further found that the signing of this agreement was not induced by any fraud or duress on the part of the plaintiffs and that defendants were bound by its terms and must specifically perform it.

The Chancellor entered an order accordingly and also awarded the following damages to plaintiffs: (1) rent at the rate of $150 per month from June 1, 1946; (2) the interest in the amount of $87.50, which plaintiffs had paid to the National Bank of Germantown; and (3) expenses of moving and storing furniture in the amount of $261.65. The Chancellor also awarded an attorney's fee in the amount of $500.00. Exceptions were filed by both parties and the court en banc disallowed the attorney's fee. In all other respects the findings of fact and conclusions of law were affirmed. No allowance was made by the court to defendants for interest on the purchase price.

The general rule is that where damages for the net rents and income of a property are allowed to the vendee, a credit must be made in favor of vendor for interest on the purchase price from the date of settlement: *Howell's Estate*, 224 Pa. 415, 420, 73 A. 445, 448; *Leafgreen v. Drake's Exrs.*, 300 Pa. 369, 150 A. 656; 75 A. L. R. 337-343; 5 Williston on Contracts § 1430. In such a situation "The vendor is regarded as trustee of the land for the benefit of the purchaser, and liable to account to him for rents and profits, or for the value of the use and occupation, and the purchaser is treated as trustee of the purchase money unpaid and charged with interest thereon unless the purchase money has been appropriated, and no benefit has accrued from it to the purchaser": *Howell's Estate*, supra; *Leafgreen v. Drake's Exrs.*, supra. The plaintiffs in this case cannot be said

to come within the above exception; mere tender of the purchase price at settlement date is not an appropriation of the purchase money in such a manner as to deprive the plaintiffs of the benefit thereof. The greater part of the amount of money tendered by plaintiffs was procured by them as a loan, and when settlement failed, was returned to the lender. The only loss of benefit suffered by the plaintiffs was the interest in the amount of $87.50 with which they were charged on this short term loan, and for which they were compensated in damages by the court below: *Wilcox v. Commonwealth Realty & Trust Co.*, 248 Mich. 527, 227 N. W. 678, 75 A. L. R. 360-369. Plaintiffs are entitled only to be recompensed in damages for the detriment actually sustained by them because of defendants' default; not to allow a credit to defendants for interest in this case would permit plaintiffs to benefit because of the breach of contract.

In *Candy v. Kean*, 159 Pa. Superior Ct. 596, 49 A. 2d 524, it was held that a tender of the purchase price at settlement was a sufficient appropriation by the vendee to relieve him of his obligation for interest on the purchase price. In that case the vendee by depositing $1500.00 "paid money" with the agent deprived himself of the possibility of its use. The rule is different where the vendee retains the use and employment of the money: *McCleneghan v. Powell*, 105 Nebr. 306, 180 N. W. 576; *Wilcox v. Commonwealth Realty & Trust Co.*, supra.

As to whether or not plaintiffs were entitled to damages for the expense incurred in moving and storing their furniture, no question as to this was raised in the statement of questions involved and no argument on the subject was set forth in the brief. Therefore, we will not pass on this question.

Defendants object to the failure of the court below to give them credit for repairs, taxes and water rents paid, and improvements made by them after June 1, 1946. The court did allow defendants a credit for taxes which were paid. There is no evidence on this record

which sustains a finding of any repairs and improvements made by defendant after June 1, 1946, and the court made no finding in this matter. Defendants argue in their paper book that on the basis of the landlord-tenant relationship established by the court, they should be reimbursed by plaintiffs for payment of water rentals from June 1, 1946, to the time of actual conveyance. This argument cannot be sustained since a tenant is responsible for any water rentals incurred by reason of his occupancy of the premises. Furthermore, the question of water rents was not raised in the court below.

The decree of the court below is therefore modified to allow defendants interest on the balance of the purchase price from date of settlement. In all other respects the decree is affirmed. Appellants will pay the costs.