Kreider *v.* Brubaker, Appellant.

Argued May 28, 1952. Before Drew, C. J., Stern, Stearne, Jones, Bell, Chidsey and Musmanno, JJ.

*Harold E. Martin* and *A. W. Brubaker,* in propria persona, for appellants.

*Alfred C. Alspach,* for appellees.

Opinion by Mr. Justice Horace Stern, June 24, 1952:

More than four years ago—on January 16, 1948—plaintiffs Kenneth L. Kreider and Christine G. Kreider entered into a written agreement with defendant A. W. Brubaker, Trustee under a so-called "Collateral Trust Agreement," whereby the latter agreed to sell to the former a dwelling house in the City of Lancaster for the sum of $12,500. Conveyance of the premises was to be made on or before April 1, 1948 and possession

was to be given to plaintiffs on the date of settlement. The title was to be good and marketable. Formal tender of the deed and tender of the purchase money were waived.

Plaintiffs entered into possession of the property on April 1, 1948, but, notwithstanding the long time that has since elapsed, settlement has not been made because, as plaintiffs claim, the defendant trustee has refused to take the necessary steps to make the title good and marketable notwithstanding plaintiffs' insistent demands to that end. In December, 1948 the trustee brought an amicable action in ejectment against plaintiffs and entered judgment therein by confession. Plaintiffs obtained a rule to show cause why the judgment should not be opened; depositions have been taken but no final order on the rule has been made.

On June 7, 1950 plaintiffs filed the present bill in equity for specific performance in which they allege that they paid the deposit of $1250 provided for in the agreement of sale; that they were ready, able and willing to make settlement on April 1, 1948 and at all times thereafter; that they arranged for a first mortgage of $8,000 on which they obligated themselves to pay interest; that they deposited in bank the balance due on the purchase price and have ever since maintained it there, without interest, awaiting settlement; that they have constantly called the defendant trustee's attention to the necessary steps to be taken by him to make the title good and marketable but he has ignored all such requests, even refusing to disclose the terms of the trust instrument upon which the so-called "collateral" trust agreement was based. The bill named as defendants, in addition to the trustee, Annie M. Brubaker, Fannie Brubaker, and A. Martin Brubaker who has since died, these persons having been designated as "trustors" in the collateral trust agreement. On June 8, 1950 service of the bill was made on Annie

M. Brubaker and Fannie Brubaker, and on July 6, 1950 service was accepted on behalf of "A. W. Brubaker, one of the within named defendants," by the attorney who had represented him in all matters connected with the transaction and in the institution and conduct of the ejectment proceedings. Notwithstanding the notice endorsed on the bill requiring defendants to answer within 30 days after service thereof and that, in case of failure so to do, the bill might be taken pro confesso and an ex parte decree made against them, no answer was filed by any of the defendants within the 30 days nor at any time since. Accordingly, on September 28, 1950, counsel for plaintiffs entered an order that the bill be taken pro confesso for failure to file an answer. On July 18, 1951 the court directed the prothonotary to enter this order, and on July 30, 1951 entered a final decree ordering the trustee to execute and deliver a deed for the premises to plaintiffs, plaintiffs thereupon to pay the balance of the purchase money due, without interest, and less the costs of the equity proceedings; it was also ordered that the ejectment proceedings be satisfied of record by the prothonotary. The trustee having failed to comply with this decree, the court, on September 14, 1951, decreed that the prothonotary should execute to plaintiffs a deed for the premises. The trustee has not taken any action whatever throughout these proceedings, but the other defendants, Annie M. and Fannie Brubaker, presented to the court a petition for a rule to show cause why the judgment against them pro confesso should not be opened. The court refused to allow such a rule.

Considering, first, the petition to open the judgment, it is clear that the petitioners have no standing to obtain the relief sought by them. They do not state any reason for their failure to file an answer to plaintiffs' bill. The only defense they assert is that they

were not parties to the agreement of sale, but the final decree of the court is directed only against the trustee and makes no order whatever upon *them*. The trustee admittedly had authority to sell the property, and if these "trustors"—who apparently are also beneficiaries under the trust—have any grievance in connection with the transaction it must be asserted by them against their trustee and not against plaintiffs as purchasers of the property.

As to the trustee's appeal, he claims that the court has no jurisdiction over him because, he contends, acceptance of service of the bill in equity by his attorney was accepted on behalf of him as an individual and not as trustee. To take such a position is merely to trifle with the administration of justice. A. W. Brubaker was not named in the bill as a defendant in his individual capacity but as a trustee and the acceptance of service by his attorney, being on "behalf of A. W. Brubaker, *one of the within named defendants*," necessarily therefore related to him in the only capacity in which he was sued, namely, as trustee.

The chief complaint made by this appellant is in reference to the failure of the court in its final decree to allow him interest on the purchase money for the period from April 1, 1948, the agreed upon date of settlement. It is true that the general rule is that if the vendee under an agreement of sale has entered into possession of the premises he must pay interest on the purchase money even though the vendor failed to deliver the deed at the time required. But there are well-recognized exceptions, the authorities being clear to the effect that where the vendee is not at fault but the vendor has been guilty of wilful and vexatious delay or gross laches in carrying out the terms of the agreement, and the purchase money meanwhile is appropriated and lies unproductive to the vendee, and, all the more, where, as here, the vendee has incurred

liability for the payment of interest thereon to a prospective mortgagee, the vendor is not entitled to recover interest on the purchase money: *Fasholt v. Reed,* 16 S. & R. 266, 267; *McCormick v. Crall,* 6 Watts 207, 212; *Kester v. Rockel,* 2 W. & S. 365, 371; *Howell's Estate,* 224 Pa. 415, 73 A. 445; *Sladkin v. Greene,* 359 Pa. 528, 531, 59 A. 2d 105, 107; *Candy v. Kean,* 159 Pa. Superior Ct. 596, 49 A. 2d 524. Of course the averments in the bill that failure to consummate the settlement was due solely to unjustified conduct on the part of the vendor must, in default of an answer, be presumed to be true (Equity Rule 51).

The portion of the court's decree directing that the ejectment proceedings be satisfied of record was proper in view of the fact that, according to the allegations of the bill, plaintiffs were entitled by the provisions of the agreement of sale to possession of the premises on the date fixed therein for settlement. To have allowed the trustee to continue those proceedings would have been to maintain them as a cloud on plaintiffs' title which it was clearly within the jurisdiction of equity to remove.

Decree affirmed at appellants' costs.