## Szukics Inc. v. Althouse

*Martin H. Philip,* and *Walter H. Katherman, Jr.,* for plaintiff.

*Gerald Roth,* for defendants.

BACKENSTOE, J., November 8, 1972.—This is an action in equity arising out of the execution of an agreement of sale by which defendants agreed to sell plaintiff a certain tract of ground on West Emmaus Avenue in the City of Allentown, Lehigh County, Pa.

Defendants refused to convey the property and, as a result, this action for specific performance was instituted. On December 28, 1971, this court issued a decree nisi directing specific performance, exceptions were duly filed, argument was held and the exceptions were dismissed. Subsequently, defendants filed an appeal to the Pennsylvania Supreme Court. While this appeal was pending, plaintiff, pursuant to Rule 1528 of the Pennsylvania Rules of Civil Procedure, filed an

amended complaint. As a consequence, defendants have filed preliminary objections demurring to the amended complaint and seeking to strike same on the basis that plaintiff had not sought leave of court pursuant to Pa. R. C. P. 1033. Before argument was held on the preliminary objections to the amended complaint, defendants withdrew their appeal from the Supreme Court and complied with the order of court and conveyed the property. The matter is now before us for disposition.

With respect to defendants' motion to strike, we think the matter is clearly controlled by Pa. R. C. P. 1528, which provides that, in equity matters, "The prayer for relief may be amended as of course at any time." The words "at any time" brook no exception and, consequently, plaintiff has a right to so amend. With respect to the contention that the amendment for relief is being made after the filing of a final decree, we must note that under prior practice, Equity Rule 56 provided, "all pleadings may be amended, as of course, any time prior to final decree, so far as relates to the prayer for relief . . ." It is obvious that Pa. R. C. P. 1528, which superseded Equity Rule 56, removed the limitation with respect to amendments subsequent to a final decree and, therefore, we hold that under our present rules such amendment is proper.

With respect to defendants' demurrer, we have a more difficult problem. This was originally an action for specific performance for an agreement of sale. By amending his complaint, plaintiff now seeks damages for loss of rentals and counsel fees and expenses incidental to the litigation.[1]

---

[1] Plaintiff, of course, had to amend his prayer to seek these damages because the relief which a court of equity can grant is limited by the prayer of the demand for relief of the complaint: 10 Anderson Pa. Civ. Prac., Equity Rules, page 288.

It would appear clear that in an action for specific performance, a vendee under appropriate circumstances is entitled to damages for the loss of use and occupation of realty: Sladkin v. Greene, 359 Pa. 528, 59 A.2d 105.[2]

Admittedly, the issue is complicated by the fact the relief requested is made subsequent to a final decree and, therefore, raises various issues quite apart from the actual proof of loss which the court must eventually determine. Nevertheless, equity abhors a multiplicity of suits and where possible will grant complete relief: Sayre Borough v. Waverly, Sayre & Athens Traction Company, 270 Pa. 412, 113 Atl. 424.

As a general proposition, it is not the policy of this court to rule on the propriety of damages in argument based on preliminary objections. We are asked to decide a demurrer and, as such, our ruling is based on the general rules of construction appertaining thereto. Accordingly, it is well settled that preliminary objections in the nature of a demurrer should be sustained only in cases which are clear and free from doubt. We do not consider this case so clear or so free and, consequently, defendants' demurrer must be dismissed.

## ORDER

Now, November 8, 1972, after careful consideration of the argument and briefs of both parties, the preliminary objections to plaintiff's amended complaint are dismissed.

---

[2] But only, where because of the circumstances, specific performance does not afford complete relief: 34 P. L. Encyc., Specific Performance, §77.